FILED
MAR 31 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DOUGLAS KEVIN SMITH,<br>*Appellant,*<br><br>v.<br><br>ERIC TERRY, CHAPTER 7 TRUSTEE,<br>*Appellee.* | Civil Action No. 5:23-CV-00201-OLG<br><br>On Appeal From<br>Bankruptcy Court No.<br>22-0518-RBK |

# ORDER

Before the Court is an appeal taken from the February 7, 2023 Final Judgment (Appellant's Appendix ("AA") at 25–28) entered by the United States Bankruptcy Court for the Western District of Texas in Cause Number 22-0518-RBK. Having reviewed the record and the applicable law, the Court finds that the Bankruptcy Court's decision should be **AFFIRMED**.

## BACKGROUND

On March 10, 2022, Eric B. Terry ("Trustee"), as Chapter 7 Trustee of Salubrio, LLC, filed an Adversary Proceeding asserting eight causes of action seeking "to avoid and recover transfers against Douglas Kevin Smith, M.D. ("Dr. Smith"[]) and to disallow any claims held by [Dr. Smith]." Appellant's Designations ("AD"), Doc. 1 at 1. On September 14, 2022, Trustee filed a motion for partial summary judgment on Count Two (Actual Fraudulent Transfer pursuant to 11 U.S.C. §§ 544 and 550 and Tex. Bus. Comm. Code § 24.005(a)(1)), Count Three (Actual Fraudulent Transfer pursuant to 11 U.S.C. §§ 548 and 550), Count Four (Constructive Fraudulent Transfer pursuant to 11 U.S.C. §§ 544 and 550 and Tex. Bus. Comm. Code § 24.005(a)(2)), and Count Six (Constructive Fraudulent Transfer pursuant to 11 U.S.C. §§ 548 and 550). AD, Doc. 41.

On October 26, 2022, the Bankruptcy Court granted Trustee's motion for partial summary judgment and awarded damages in the amount of $614,820.90. AD, Doc. 60 at 2.

On December 7, 2022, the Bankruptcy Court conducted a trial on the remaining adversary causes of action. The Trustee prevailed on all remaining causes of action–Count One (Avoidance of Preferences pursuant to 11 U.S.C. §§ 547 and 550), Count Five (Constructive Fraudulent Transfer pursuant to 11 U.S.C. §§ 544 and 550 and Tex. Bus. Comm. Code § 24.006), Count Seven (Disallowance of Claim pursuant to 11 U.S.C. § 502(d)), and Count Eight (Breach of Fiduciary Duties), and the Bankruptcy Court awarded total damages in the amount of $8,342,881.58. AD, Doc. 91 at 2–3.

Appellant appeals both of the Bankruptcy Court's orders. Dkt. No. 7 at 15.

## STANDARD OF REVIEW

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158. The district court "reviews a bankruptcy court's findings of fact for clear error, and its legal conclusions de novo." *Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 261 (5th Cir. 2009). "A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *Haber Oil Co. v. Swinehart (In re Haber Oil Co.)*, 12 F.3d 426, 434 (5th Cir. 1994) (internal quotation marks omitted). "If the bankruptcy judge finds one version of events more credible than other versions, this Court is in no position to dispute the finding." *First National Bank LaGrange v. Martin (In re Martin)*, 963 F.2d 809, 814 (5th Cir. 1992).

## DISCUSSION

### I. Deemed Admissions

Dr. Smith argues that because the Trustee's Requests for Admission involve "central facts" and are "beyond the proper scope" of Rule 36, the matters deemed admitted by virtue of his failure to respond cannot be the basis for the grant of summary judgment or final judgment in favor of Trustee. Dkt. No. 7 at 36–37; Appellee's Designations, Doc. 16. The Court disagrees.

Rule 36 provides that "[a] party may serve on any other party a written request to admit…the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Rule 36(a)(3) provides that the "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Once a matter is admitted, it is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). This conclusive effect applies to both affirmative admissions and those established by default, "even if the matters admitted relate to material facts that defeat a party's claim." *CHU de Quebec – Universite Laval v. DreamScape Dev. Grp. Holdings, Inc.*, No. 4:21-CV-182-SDJ, 2022 WL 1719405, at *7 (E.D. Tex. May 27, 2022) (citing *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)). Rule 36 admissions cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record. *United States v. Coe*, No. 3:21-CV-566-K-BN, 2022 WL 17491541, at *3 (N.D. Tex. Oct. 31, 2022) (citing *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)); *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) ("[I]f the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the

non-responding party.") (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548–49 (5th Cir. 1985)). Further, Rule 36 has been applied "equally and consistently to represented and pro se parties alike, and [the courts] have refused to overlook a party's disregard for deadlines regardless of that party's status." *Poon-Atkins v. Sappington*, No. 21-60467, 2022 WL 102042, at *2 (5th Cir. Jan. 10, 2022).

Dr. Smith relies upon the 1969 Fifth Circuit opinion in *Pickens* to assert that "requests for admissions as to central facts in dispute are beyond the proper scope of the rule." Dkt. No. 7 at 47 (citing *Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969)). However, more recent and applicable cases have held the opposite. *See CHU de Quebec – Universite Laval*, 2022 WL 1719405, at *7; *Am. Auto Ass'n, Inc.*, 930 F.2d at 1120; *Murrell*, 307 F. App'x at 780. The Bankruptcy Court found that Trustee's Requests for Admissions were proper, and Dr. Smith's failure to respond resulted in deemed admissions pursuant to Rule 36(a)(3) and Bankruptcy Rule 7036. AA at 272. In addition, the Bankruptcy Court specifically found that "all of the Trustee's allegations in the Complaint were covered in the requests for admissions."[1] *Id.* The Court upholds these findings and affirms the Bankruptcy Court's ruling on Trustee's Motion for Partial Summary Judgment and Final Judgment.

## II. Motion to Dismiss Plaintiff's Complaint Under Bankruptcy Rule 7041

Dr. Smith contends that the Bankruptcy Court erred in denying his Motion to Dismiss Pursuant to Rule 7041. Dkt. No. 7 at 43–44; *see* AD, Doc. 94. The Court disagrees. In his motion, Dr. Smith argued that the Trustee's delay in filing the proposed Final Judgment following the December 7, 2022 trial was grounds for dismissal of the adversary proceeding pursuant to Rule

---

[1] The Court also notes that the admissions (Appellee's Designations, Doc. 16) include the genuineness of Trustee's charts attached as Exhibits A and B to its Complaint to reflecting the actual damages in the Final Judgment. Appellee's Supplemental Designations - Requests for Admissions, Dkt. No. 9, Doc. 16; AD, Doc. 1 at 14–40; AA at pp. 25–28.

41(b) of the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure. AD, Doc. 92. However, the merits of the Adversary Proceeding were adjudicated on December 7, 2022 when a verbal ruling was issued by the Bankruptcy Judge. The Bankruptcy Court was simply awaiting a proposed form of judgment to be submitted by the prevailing party. One day after Dr. Smith's motion was filed, the Bankruptcy Court signed and entered the Final Judgment that Trustee had submitted. *See* AD, doc. 91. The Court affirms the Bankruptcy Court's denial of Dr. Smith's Motion to Dismiss Plaintiff's Complaint Under Bankruptcy Rule 7041. *See id.*

## CONCLUSION

Accordingly, it is **ORDERED** that the Bankruptcy Court's orders are **AFFIRMED**. It is **FURTHER ORDERED** that this case is **CLOSED**.

It is **SO ORDERED** this 31 day of March, 2024.

ORLANDO L. GARCIA
United States District Judge