FILED
DEC 12 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ DEPUTY CLERK



# United States Court of Appeals for the Fifth Circuit

Certified as a true copy and issued as the mandate on Dec 12, 2024

Attest: Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 20, 2024
Lyle W. Cayce
Clerk

No. 24-50272
Summary Calendar

In the Matter of Salubrio, L.L.C, *doing business as* Brio San Antonio MRI

*Debtor*,

Douglas Kevin Smith,

*Petitioner—Appellant*,

*versus*

Eric Terry,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-201-OLG

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellant pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

FILED
DEC 12 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEPUTY CLERK

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 20, 2024
Lyle W. Cayce
Clerk

No. 24-50272
Summary Calendar

In the Matter of Salubrio, L.L.C, doing business as Brio San Antonio MRI

*Debtor*,

Douglas Kevin Smith,

*Petitioner—Appellant*,

*versus*

Eric Terry,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-201 -OLG

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:*

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Dr. Douglas Smith has repeatedly attempted to block liquidation of accounts receivable in a bankruptcy estate. We have repeatedly affirmed dismissal of those attempts. *Smith v. Terry* (*In re Salubrio, L.L.C.*), No. 23-50288, 2024 WL 1795773, at *2 (5th Cir. Apr. 25, 2024) (per curiam); *Smith v. Terry* (*In re Smith*), No. 22-50999, 2023 WL 4992835, at *1 (5th Cir. Aug. 4, 2023) (per curiam); *Smith v. Terry* (*In re Salubrio, L.L.C.*), No. 22-50453, 2023 WL 3143686, at *4 (5th Cir. Apr. 28, 2023) (per curiam). In another of those attempts, Smith appeals the district court's affirmance of judgment against Smith, raising jurisdictional and constitutional issues. All of them fail, so we AFFIRM.

Although his arguments are difficult to discern, Smith seems to assert jurisdictional issues that turn on whether the accounts belong to Smith or Salubrio. However, we have been down that road before. *In re Salubrio, L.L.C.*, 2024 WL 1795773, at *2 ("Smith is judicially estopped from claiming ownership of the accounts."). Smith is judicially estopped from arguing that the accounts are his, so his jurisdictional arguments fail.[1]

Smith raises several other issues that were either not raised in Smith's statement of issues on appeal or not briefed before the district court. Accordingly, we will not consider those arguments. *See Smith v. H.D. Smith Wholesale Drug Co.* (*In re McCombs*), 659 F.3d 503, 510 (5th Cir. 2011);

[1] Smith argues that the Trustee has unclean hands, and thus cannot assert judicial estoppel. *See Galaz v. Katona* (*In re Galaz*), 841 F.3d 316, 326 (5th Cir. 2016). However, like many of Smith's arguments, this argument is difficult to understand, and Smith does not cite the record or caselaw for support. We will not rely on bald assertions of wrongdoing unsupported by the record. *See Grant v. Cueller*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) ("Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Rule 28." (cleaned up)); FED. R. APP. P. 28(a)(8)(A) (requiring "citations to the authorities and parts of the record on which the appellant relies").

*Stewart Glass & Mirror, Inc. v. U. S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000).

In sum, Smith's arguments have either already been decided or were waived, so we AFFIRM.